*W. A. Woods*, for appellants.

———————●———————

## PARRY v. THE CITY OF RICHMOND.

CITIES.—STREETS.—PRACTICE.—Suit to enjoin the opening of a street. The complaint alleged that in 1850, the plaintiff's grantor and others petitioned the city council to open a street through their lands, and that an ordinance was passed declaring said street opened; that in fact said street was not opened, nor was an arbitrator appointed, as required by the charter, to assess the damages; that in 1858 the council adopted a resolution declaring said street opened, and were about to open the same; that plaintiff had purchased lands on said street, before the same was opened, and that his damages had not been assessed or tendered. Answer: 1. General denial. 2. That the plaintiff's grantor had waived all claim to damages. 3. A dedication by plaintiff's grantor, of which plaintiff had notice. A demurrer to the second paragraph was overruled.

*Held*, that the second paragraph of the answer was bad, as the sale to the plaintiff, before the opening of the street, was a withdrawal of the offer to waive damages. But,

*Held*, that as the evidence sustained the third paragraph of the answer, the plaintiff was not prejudiced by the error in overruling the demurrer to the second paragraph.

APPEAL from the *Wayne* Circuit Court.

RAY, C. J.—This was an application for an injunction to prevent the city of Richmond from opening a street over certain real estate, without first paying damages for the injury to the possession of the appellant. The complaint sets out a section of the special charter of the city, requiring the appointment of an arbitrator to estimate the damages to

the property over which the street is to be located, and the payment of the amount fixed, before opening said street. It is averred that King, the former owner of the property now claimed by the appellant, together with other persons, constituting a majority of the owners of property bounded on the proposed street, petitioned the common council of said city, in writing, to open and continue one of the streets of said city over and across the lands of the petitioners and of others, and that said council, on the 19th day of February, 1850, by an ordinance, declared said street opened, but did not proceed to have the damages estimated, nor to have said street opened, until the 4th day of May, 1858, when a resolution was adopted by them declaring said street opened, in accordance with the ordinance of February 19, 1850; that between the date of the filing of the petition and the resolution of the council in May, 1858, circumstances had so changed the interests of the petitioners that they no longer desired the street to be opened; that the appellant had purchased the property described in the complaint on the 28th day of April, 1858, without any knowledge that a street had been located over it, and that for two years after his purchase, the city had listed the said real estate as his property for taxation.

The appellee answered, first, in denial; second, that the former owners of the property had waived all claim for damages, and that therefore the council had never appointed arbitrators to fix the damages. A demurrer to this paragraph was overruled. This paragraph of the answer was not, perhaps, sufficient, as the complaint averred that the land was sold to the appellant before the street was opened. Such sale, before the council acted upon his waiver, might, perhaps, be regarded as a withdrawal of the waiver, and the street could not thereafter be opened without compensation. The third paragraph of the answer, however, alleges facts which amount to a dedication of the property as a street by the former owner, and also avers that it was so used at the time the appellant purchased.

The evidence fully sustains this paragraph, and the appellant, therefore, sustained no injury by the ruling of the court upon the second paragraph of the answer.

The judgment is affirmed, with costs.

On Petition for Rehearing.—Ray, C. J.—The appellant calls the attention of this court to the fact that after a demurrer to the third paragraph of the answer had been overruled, the appellant filed a motion to strike out that paragraph, on the ground that it only amounted to the general issue, and a paragraph in denial of the complaint had been already filed, and that the court sustained that motion.

The appellant presented the evidence to this court in a bill of exceptions, and called our attention to it in the argument of the case. He now insists that because no cross-error was assigned upon the sustaining of the motion to strike out the third paragraph of the answer, we cannot review that ruling of the court, and he argues that all the evidence which was introduced to show a dedication of the street was inadmissible under the general denial, and that we cannot consider it, although no objection was made to its introduction.

In brief, the appellant insisted in the court below that the plea of a dedication of the street should be stricken out, because the evidence of that fact could be introduced under the paragraph in denial of the allegations of the complaint. The court sustained his motion, and accordingly admitted evidence which, in our opinion, established the fact of a dedication of the street, and therefore sustained the finding and judgment of the court. The appellant, in his argument, cited us to the evidence given on the trial, which he had carefully brought before us by a bill of exceptions, and he argued that the evidence did not sustain the finding. Upon examination of this evidence, we find that the appellant has sustained no injury by the overruling of his demurrer to the second paragraph of his answer, because the

evidence fully sustains the finding and judgment. He now insists, after the examination of the evidence has been made and this result reached, that because no cross-error was assigned upon the ruling of the court on the motion to strike out the third paragraph of the answer, we must close our eyes to the merits of the case, as disclosed by the evidence, and decide the appeal alone upon the error in overruling the demurrer to the second paragraph of the answer.

The present position of the appellant is a novel one, and in the absence of a precedent we are reluctant to adopt it, and therefore follow the direction of the statute, and overrule the petition for a rehearing. 2 G. & H., §§ 101, 580, pp. 122, 278.

*C. H. Burchenal,* for appellant.

*J. P. Siddall,* for appellee.